USDC SCAN INDEX SHEET











CGL    4/29/05    14:26
3:99-CV-01516    MADDEN V. DELOITTE & TOUCHE
*260*
*O.*



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MADDEN, MD., et al.,<br><br>Plaintiffs,<br>vs.<br><br>DELOITTE & TOUCHE, LLP, et al.,<br><br>Defendants. | CASE NO. 99cv1516-LAB (AJB)<br><br>ORDER DENYING MOTION TO STAY ENFORCEMENT OF COSTS TAXATION PENDING APPEAL<br><br>[Dkt No. 252] |

This matter is before the Court on Plaintiffs' (collectively "the Madden plaintiffs") Motion To Confirm Automatic Stay Of Enforcement Of Bill Of Costs ("Motion") for the duration of appellate review in the United States Supreme Court. Dkt No. 252. The Madden plaintiffs' appeal to the Ninth Circuit was denied, and they represent they intend to file a petition for a writ of *certiorari* in the United States Supreme Court on or before their May 5, 2005 deadline. Defendant Deloitte & Touche ("Deloitte") filed Opposition, and Madden filed a Reply. The Court finds the issues appropriate for decision on the papers and without oral argument, pursuant to Civil Local Rule 7.1(d). For the reasons discussed below, the Motion is **DENIED**.

## I. BACKGROUND

This action proceeded to judgment on a Consolidated Third Amended Complaint presented by the Madden plaintiffs and plaintiffs in a companion case (the Amin plaintiffs) in this securities action arising out of alleged misrepresentations related to a merger transaction. Partial settlements

- 1 -

were reached with certain individual defendants and, as pertinent here, District Judge Thomas J. Whelan entered separate summary judgments in favor of Deloitte and of another entity, Volpe Brown Whelan & Company, LLC ("Volpe"). Dkt Nos. 167, 187.

A September 10, 2002 Order Settling Costs taxed $20,306.19 in favor of prevailing party Volpe. Dkt No. 180. A November 27, 2002 Order Settling Costs taxed $17,738.41 in favor of prevailing party Deloitte. Dkt No. 196. The Order referred the parties to Local Rule 54.1.h and Rule 54(d) setting a deadline of five days after receipt of the notice of taxing costs within which any party could serve and file a motion to re-tax costs. The docket does not reflect any party did so.

The Madden plaintiffs and the Amin plaintiffs filed notices of appeal of the summary judgments, on November 14, 2002 and November 15, 2002, respectively (Dkt Nos. 193, 194), actions they contend automatically stayed the enforcement of the bills of costs. The Ninth Circuit affirmed the judgments in November 2004. A mandate issued, and a certified copy of the decree was received in the District Court February 22, 2005.

The Madden plaintiffs represent that Deloitte has now demanded payment of the costs bill. This Motion seeks a stay on grounds the Madden plaintiffs plan to appeal the Ninth Circuit decision to the United States Supreme Court. Mot. P&A 4:4-6; Borowsky Decl. ¶¶ 2-3. They seek an Order "confirming" the continuing "automatic stay" of enforcement of the bills of costs "and directing the Clerk of the Court not to issue any writ of execution for such costs, pending the disposition of Plaintiffs'" writ petition. Mot. 11:24-2:1.

The Madden plaintiffs rely on FED.R.CIV.P. ("Rule") 62(f) and CAL. CODE CIV.P. §§ 916, 917.1(d) for their contention they are entitled to an automatic stay of costs without bond because reversal would vacate the costs awards. Mot. 2:2-5. The Madden plaintiffs anticipate a "relatively short" further delay -- beyond the more than two years that have already elapsed since the costs were taxed -- if the Motion is granted of between six months (the time within which the high Court will likely decide whether to grant *certiorari*) and 15 months (should the high Court take the case).

Deloitte filed an Opposition to the Motion. Volpe did not respond to the Motion. Deloitte argues that notwithstanding the styling of the Motion as one to "Confirm Automatic Stay," under the federal rules, there is no "automatic" stay preventing its collection of costs the district court awarded.

- 2 -

99cv1516

Rather, they contend a "federal judgment debtor must assert a right to a stay by filing a proper motion in the district court." Opp. 1:7-10, *citing* Moore's Federal Practice - Civil § 62.05. Even if the Madden plaintiffs had timely filed such a motion, or if this Court were to construe the instant Motion as procedurally satisfying the motion requirement, Deloitte argues the Motion is also substantively defective. Deloitte contends reliance on Rule 62(f) as grounds for a stay is misplaced: "an order taxing costs is not a lien on real property in California, and is thus not subject to a stay under FRCP 62(f)." Opp. 1:11-14. "Rule 62(f) clearly is inapplicable" because more than mere ministerial steps are required in California to convert a judgment into a lien. Opp. 2:20-21; 2:7-8.

The Madden plaintiffs reply they seek only "to preserve the status quo on the bills of costs until the parties complete appellate review of this complex securities action in the Supreme Court." Reply 1:22-23. They do not dispute that California law requires certain affirmative steps be taken in order to convert a judgment into a lien. Rather, they characterize Deloitte as not having "cared enough about security for the costs to pay $40 to file a lien." Reply 1:28-2:1. They further invoke not only Rule 62(f), but also Rule 62(d), a discretionary provision authorizing the court to stay enforcement of costs in some circumstances. Reply 2:1-4.

## II. DISCUSSION

District courts retain jurisdiction to address issues related to enforcement of supersedeas bonds, stays of execution, and to protect and enforce its judgments even after a notice of appeal has been filed. *See* Sheldon v. Munford, Inc., 128 F.R.D. 663, 665 (N.D.Ind. 1989) ("[T]his Court has jurisdiction to regulate the collection proceedings including the enforcement of the supersedeas bond ... [despite the pending appeal]").

In the federal courts, enforcement of a judgment is automatically stayed for 10 days. Rule 62(a). The losing party is expected to use that brief window to obtain a stay pending appeal if it so desires. If it does not do so, the prevailing party can execute on the judgment. The Court's final judgment in this case, filed October 21, 2003, expressly including the summary judgments previously ordered in favor of the Deloitte and Volpe entities. Dkt No. 232. The Clerk taxed costs in favor of those prevailing entity parties. No plaintiff appears to have sought a stay of the costs award pending the outcome of the Ninth Circuit appeals noticed on November 14 and 15, 2003.

In jurisdictions where a stay is not automatic upon the filing of a notice of appeal, a losing party must normally obtain court approval for a stay. *See* Rule 62(a), (d). Rule 62(a) provides, in pertinent part: "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry ...."[1] Any automatic stay in this case under the federal rules thus expired 10 days after entry of the costs judgment.

Rule 62(d) provides (emphasis added):

> Stay Upon Appeal. When an appeal is taken *the appellant by giving a supersedeas bond may obtain a stay* subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. **The stay is effective when the supersedeas bond is approved by the court.**

The posting of a bond protects a prevailing party from the risk of a later uncollectible judgment and compensates that party for delay in the entry of final judgment. National Labor Relations Board v. Westphal, 859 F.2d 818 (9th Cir. 1988). The Madden plaintiffs appear to have taken no affirmative steps to obtain a stay through the bond process, the usual manner in which to preserve the *status quo* pending appeal, or otherwise to obtain a stay of defendants' right to enforce their costs award judgment for the duration of the appeals process.

An exception to the bond requirement is provided in Rule 62(f):

> Stay According To State Law. In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Rule 62(f) is narrowly construed as applying only when the judgment is itself a lien, that is, when nothing more than ministerial acts are necessary to convert a judgment into a lien and the debtor would be entitled to a stay under state law. California is *not* such a state. *See* Aldasoro v. Kennerson, 915 F.Supp.188, 190-91 (S.D.Cal. 1995).

> California is not a state in which a judgment is automatically a lien upon the property of a judgment debtor. Rather, under California law a judgment creditor must record the judgment or an abstract thereof in order to transform a judgment into a lien on property.

---

[1] The balance of subdivision (a) applies only to actions for an injunction, receivership, or letters patent.

Ribbens International, S.A. v. Transport International Pool, Inc., 40 F.Supp.2d 1141, 1143 n.2 (C.D.Cal. 1999), *citing* Aldasoro, 915 F.Supp. 188.

Accordingly, Rule 62(d) appears to control the issues presented.[2] The Court has discretion to issue a stay "[w]here an appeal has been taken." Absent a supersedas bond, no stay as of right is provided in the Rules, and stay pending full exhaustion of all potential appellate fora is similarly not expressly provided. The Madden plaintiffs' Ninth Circuit appeal is concluded.

Although they rely on the Aldasoro court's description of the district court's discretion under Rule 62(d), the Madden plaintiffs contend that opinion "does not correctly interpret the California law that triggers the mandatory stay under FRCP 62(f)." Reply 3:18-19. They represent "[n]o published Ninth Circuit decision determines how Rule 62(f) [*i.e.* Stay According To State Law] applies to a district court in California," whereas purportedly "the weight of authority from other Circuits confirms that Rule 65(f) applies despite the necessity of minor procedures to perfect any lien that the judgment creates." Reply 4:5-7. This Court is not persuaded opinions from other circuits, applying the law of states other than California, should be adopted here. Moreover, this Court concurs with the reasoning of the Aldasoro court and adopts that rationale in deciding this Motion.[3] "A judgment is not a lien in California," until it is recorded as prescribed under California law. Aldasoro, 915 F.Supp. at 190, *citing* CAL. CODE CIV. PROC. § 697.310.

\\

---

[2] Although Rule 62(d) recites a bond requirement, the Court has discretion to waive the bond in circumstances such as "where the [judgment debtor's] ability to pay is so plain that the cost of the bond would be a waste of money." Aldasoro, 915 F.Supp. at 191. There does not appear to be any issue of the Madden plaintiffs' ability to pay the awarded costs. They have offered to make immediate payment of Deloitte's costs if the Supreme Court denies their *certiorari* petition, a circumstance they contend warrants a discretionary waiver of bond. Reply 2:21-25; Borowsky Decl. ¶ 3, Ex. A. They contend Deloitte never even inquired about satisfaction of costs before 2005, let alone perfected a lien, supporting an inference of its confidence the Madden plaintiffs have the ability to pay the costs judgment.

[3] The Madden plaintiffs criticize the portion of the Aldasoro opinion interpreting California law, in partial reliance on Wellborn v. Wellborn, 55 Cal.App.2d 516, 520 (1942). However, the Court finds the Wellborn issues are distinguishable, among other things in that the facts involved a judgment decreeing a lien upon specific real property in a dissolution of marriage proceeding, and the question presented was whether execution could lie in the absence of personal liability, in reliance on different sections of the California Code of Civil Procedure than the Madden plaintiffs invoke here. Id. at 520, *citing* CAL. CODE CIV. PROC. § 697.310 : "(a) Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder." CAL. CODE CIV. PROC. § 697.310(a).

The Madden plaintiffs also argue CAL. CODE CIV. P. §§ 916 and 917.1 purportedly "reflect *California's policy* judgment that the automatic stay on judgments solely for routine costs does not significantly prejudice litigants." Reply 3:9-11 (emphasis added). Irrespective of the purported lack of "significant prejudice" to these litigants of issuing the requested stay, the Court finds the issues presented do not sound in equity because they are covered by express provisions of enacted federal law. The Madden plaintiffs cite no authority corresponding to the procedural posture and facts of this case. Section 916 addresses the state rules for stays of proceedings in the trial court upon the judgment or order appealed from "or upon matters embraced therein or affected thereby" *at the time an appeal is perfected.* No perfected appeal is presently pending in this case. Moreover, state court procedures do not trump express provisions of the federal rules with respect federal judgments.

Similarly, the Madden plaintiffs do not demonstrate how section 917.1 of the California Code of Civil Procedure applies to their circumstances or alters the result. That section provides, in pertinent part (emphasis added):

> (a) *Unless an undertaking is given*, the perfecting of an appeal **shall not stay enforcement of the judgment** or order in the trial court if the judgment or order is for any of the following:
>
> > (1) Money or the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action.
> >
> > (2) **Costs awarded pursuant to Section 998** which otherwise would not have been awarded as costs pursuant to Section 1033.5.
> >
> > (3) **Costs awarded pursuant to Section 1141.21** which otherwise would not have been awarded as costs pursuant to Section 1033.5,
> >
> > . . .
>
> (d) Costs awarded by the trial court under Chapter 6, commencing with Section 1021) of Title 14 shall be included in the amount of the judgment or order for the purpose of applying paragraph (1) of subdivision (a) and subdivision (b). *However, no undertaking shall be required pursuant to this section solely for costs awarded under Chapter 6* (commencing with Section 1021) of Title 14.

The costs at issue here were not "awarded pursuant to" any California law.

As in Aldasoro, this Court finds: "In view of the steps necessary to transform a judgment into a lien and the policy objectives underlying FED.R.CIV.P. 62," unless the judgment creditor takes further

actions, a judgment does not automatically constitute a lien. Aldasoro, 915 F.Supp. at 190-91. That court reasonably declined to distinguish between a costs-only judgment and other kinds of judgments.

> Finally, plaintiff's argument that a costs-only judgment is somehow less deserving of security to the judgment creditor finds no support under federal law. Although it is true under California law, an appellant may obtain a stay of execution of a cost-only judgment without posting bond. ... the Federal Rules reflect no such policy. On the contrary, "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial."

Aldasoro, 915 F.Supp. at 192-93, *quoting* Van Huss v. Landsberg, 262 F.Supp. 867, 869 (W.D.Mo. 1967).

Although Volpe filed no opposition to the Madden plaintiffs' motion, and while Civil Local Rule 7.1.f.3.c authorizes the Court to construe silence as a consent to the granting of a Motion, the Court declines to do so in the posture of the case. The Court-approved costs forming the subject matter of this Motion, like the Volpe costs award, have already been entered as an enforceable Order with no perfected stay as provided under the federal rules.

## III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** the Madden plaintiffs' Motion to stay enforcement of the bill of costs is **DENIED**, as no "automatic stay" is in effect to be "confirmed." They shall be granted the FED.R.CIV.P. 62(a) 10-day stay of the execution of this Order from the date of its entry.

**IT IS SO ORDERED.**

DATED: 4-28-05

*[signature]*

HONORABLE LARRY ALAN BURNS
United States District Judge

cc: MAGISTRATE JUDGE ANTHONY J. BATTAGLIA
ALL COUNSEL OF RECORD